UNITED STATES of America

v.

M/V MANDAN, her engines, apparel, tackle, appurtenances, etc., in rem Chang Xin Shipping Co. Ltd., Hong Kong, as Owner of the Vessel M/V MANDAN, and Cargill International, Geneva, Switzerland, as Operator of the M/V MANDAN, in personam.

In the Matter of CHANG XIN SHIPPING CO. LTD., as Owner of the M/V MANDAN, Petitioning for Exoneration From or Limitation of Liability.

Civ. A. Nos. 90–2975, 90–3038, 90–3087, 90–3219, 91–1800, and 91–0410.

United States District Court,
E.D. Louisiana.

Sept. 25, 1991.

Joseph F. Ahern, U.S. Dept. of Justice, R. Scott Blaze, U.S. Dept. of Justice, Torts Branch, Civil Div., Washington, D.C., for the United States.

Louis J. St. Martin, Estelle Elouise Mahoney, Houma, La., for Louis J. St. Martin, A Professional Law Corp. and claimants Isiah Anderson, Jr., et al.

Bertrand M. Cass, Jr., Allen F. Campbell, George Alexande Weller, Deutsch, Kerrigan & Stiles, New Orleans, La., for Storebrand Ins. Co., Ltd., et al.

John Paul Massicot, Silvestri & Massicot, New Orleans, La., for John Paul Massicot.

John A. Bolles, Hugh Ramsay Straub, James L. Schupp, Jr., Terriberry, Carroll & Yancey, New Orleans, La., for Chang Xin Shipping Co. Ltd., as owner of the M/V Mandan in No. 90–3038.

Barry John Boudreaux, Houma, La., for claimants John L. Thompson, et al.

Terrence C. Forstall, Richard L. Seelman, Courtenay, Forstall, Guilbault, Hunter & Fontana, New Orleans, La., for Ellzey Marine Supplies, Inc.

Hugh Palmer Lambert, Linda Jane Nelson, Lambert & Nelson, New Orleans, La., for claimants Jolly Loving, Jr., et al.

John J. Cummings, III, Richard Massie Martin, Jr., Cummings, Cummings & Dudenhefer, Hugh Palmer Lambert, Linda Jane Nelson, Lambert & Nelson, New Orleans, La., for claimants Abraham Allen, et al.

Rodney Paul Vincent, Meyer H. Gertler, Jill Duplantis Trahan, Daniel Breard Snellings, Gertler, Gertler & Vincent, New Orleans, La., for claimants Hezekiah Ellis, et al.

Henry T. Dart, Scott Thomas Minvielle, Henry Dart, Attorneys At Law, Metairie, La., for claimants Robert J. Miles, et al.

Johnny L. Allen, pro se.

Larry Anthony, pro se.

Jim Black, pro se.

James Brown, pro se.

Jeffrey Dooley, pro se.

Jack Harvey, pro se.

Abner R. Jackson, pro se.

Michael A. Fenasci, Fenasci & Smith, Israel M. Augustine, Jr., Israel M. Augustine, Jr. & Associates, New Orleans, La., for claimants Cornelius Selmon, Jr., et al.

Patrick J. Smith, pro se.

Andrew E. Stroughter, pro se.

Earl Griffin, pro se.

Lawrence D. Wiedemann, W. Lloyd Bowers, John Denenea, Jr., Wiedemann & Wiedemann, New Orleans, La., for claimants Tim Lloyd, et al.

Michael Lewis, pro se.

Willie Green, pro se.

Oliver Clark, pro se.

Armand J. Brinkhaus, Olivier & Brinkhaus, Sunset, La., Joseph B. Moffett, Fayette, Miss., for claimants Preston Chaney, et al.

John Phelps Hammond, Arthur Gordon Grant, Jr., Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, La., for claimant Zurich Versicherungs-Gesellschaft, (Zurich Ins. Co.).

Curtis R. Wilson, pro se.

Joseph M. Bruno, Bruno & Bruno, Hugh Palmer Lambert, Linda Jane Nelson, Lambert & Nelson, New Orleans, La., for Walter W. McDaniel.

Hugh Palmer Lambert, Linda Jane Nelson, Lambert & Nelson, Morton Howard Katz, Michael J. Begoun, Robert Brent Cueria, Herman, Herman, Katz & Cotlar, New Orleans, La., for Edward Savage in No. 90–3087.

John A. Bolles, Roger D. Allen, Terriberry, Carroll & Yancey, New Orleans, La., for Mandan MV, and Chang Xin Shipping Co. Ltd., Hong Kong, as owner of the vessel Mandan, et al. in No. 90–3087.

John Phelps Hammond, John Christopher Person, Arthur Gordon Grant, Jr., Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, La., for SIG Schweizerische Industrie-Gesellschaft Holding AG, et al., in Nos. 90–3087 and 91–0410.

Frank A. Silvestri, John Paul Massicot, Silvestri & Massicot, New Orleans, La., for Johnny Allen, et al.

Morton Howard Katz, Michael J. Begoun, Robert Brent Cueria, Herman, Herman, Katz & Cotlar, Frank A. Silvestri, John Paul Massicot, Silvestri & Massicot, New Orleans, La., for Edward Savage in No. 90–3219.

Marshall Joel Hough, Jr., Hough & Associates, Metairie, La., for Marvin Harrington, et al.

Bertrand M. Cass, Jr., Francis J. Barry, Jr., Allen F. Campbell, George Alexande Weller, Deutsch, Kerrigan & Stiles, New Orleans, La., for Porsgruun Stahl & Masking A/S.

John Phelps Hammond, Christopher E. Carey, Arthur Gordon Grant, Jr., Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, La., for SIG Schweizerische Industrie-Gesellschaft Holding AG, erroneously sued as SIG Schweizerisch Industrie-Gesellschaft in No. 91–CV–1800.

John A. Bolles, Hugh Ramsay Straub, Roger D. Allen, James L. Schupp, Jr., Terriberry, Carroll & Yancey, New Orleans, La., for Chang Xin Shipping Co., Ltd., Hong Kong, et al., in No. 91–1800.

Christopher E. Carey, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, La., for SIG Schweizerische Industrie-Gesellschaft, et al., in No. 91–1800.

## ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the court on the below listed Motions to Quash Service of Process and to Dismiss for Lack of *In Personam* Jurisdiction:

(1) Motion of SIG Schweizerische Industrie-Gesellschaft Holding AG ["SIG"] To Quash Service of Process and to Dismiss SIG from these consolidated proceedings for Lack of *In Personam* Jurisdiction.

(2) Motion of SIG To Quash Service of Process and to Dismiss the Complaint of Marvin Harrington, et al, for Lack of *In Personam* Jurisdiction.

(3) Motion of Uni-Storebrand Insurance Co., Ltd. ["STOREBRAND"] To Quash Service of Process and to Dismiss Third Party Complaint of Chang Xin for Lack of *In Personam* Jurisdiction.

(4) Motion of Porsgrunn, Stall & Maskin ["PORSGRUNN"] To Quash Service of Process and to Dismiss Third Party Complaint of Chang Xin for Lack of *In Personam* Jurisdiction.

(5) Motion of PORSGRUNN To Quash Service of Process and to Dismiss the Complaint of Isiah Anderson, et al, for Lack of *In Personam* Jurisdiction.

(6) Motion of PORSGRUNN To Quash Service of Process and to Dismiss the

Complaint of Abraham Allen, et al, for Lack of *In Personam* Jurisdiction.

(7) Motion of PORSGRUNN To Quash Service of Process and to Dismiss the Complaint of Marvin Harrington, et al, for Lack of *In Personam* Jurisdiction.

(8) Motion of STOREBRAND To Dismiss Trosvik Industri, A/S ["TROSVIK"] as a Bankrupt.

These matters in the captioned consolidated proceedings were set for oral argument on Wednesday, September 25, 1991. At said oral hearing counsel for third-party plaintiff/defendant Chang Xin withdrew its opposition to the aforementioned motions to dismiss. Regardless, this Court shall address the merits of said motions because the individual claimants did *not* withdraw their opposition to the above listed motions to dismiss for lack of *in personam* jurisdiction.

The question before this Court is whether its exercise of personal jurisdiction over PORSGRUNN, TROSVIK, SIG and STOREBRAND in these consolidated proceedings would offend the "traditional notions of fair play and substantial justice." [1] This Court holds for reasons which follow that third party defendants/movants herein lack "minimum contacts" with Louisiana, and therefore, are not subject to suit in this forum. This decision pretermits consideration and discussion of the issues inherent in STOREBRAND'S Motion to Dismiss Trosvik Industri, A/S as a bankrupt [2] and "tagging" PORSGRUNN's service representative sent upon request of the MANDAN interest to repair the vessel's steering gear post-accident. [3]

## I. FACTUAL BACKGROUND:

This consolidated matter arises out of the August 15th, 1991 collision of the M/V MANDAN [4] with certain vessels owned by the United States Corps of Engineers moored along the right descending bank of the Mississippi River near Venice, Louisiana. Following the collision, the United States filed suit against the vessel owner Chang Xin and her operators. Chang Xin first filed a Complaint for Exoneration from or Limitation of Liability. [5] Thereafter, Chang Xin filed third party complaints against the following entities:

1. SIG, the manufacturer of the hydraulic steering component aboard the MANDAN;

2. Zurich Versicherungs–Gesellschaft ["Zurich"], SIG's insurer;

3. PORSGRUNN, the alleged "successor" to the assets of TROSVIK and the service provider to the MANDAN's steering assembly; and

4. STOREBRAND, Trosvik's and presently Porsgrunn's insurer.

STOREBRAND is a Norwegian company, which issued policies of insurance to both TROSVIK and PORSGRUNN, and sued herein pursuant to Louisiana's Direct Action Statute. It is not licensed and/or authorized to do business in this State, nor does it issue or deliver policies in the state of Louisiana.

STOREBRAND's assured PORSGRUNN is also a Norwegian company, organized under the laws of the Kingdom of Norway, with its office in Porsgrunn, Norway. It has never maintained an office, employees,

---

1. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) [citing *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)].

2. STOREBRAND moved to dismiss the action against its assured Trosvik on the grounds that it is and was at all pertinent times a bankrupt entity, the affairs of which were wound up on August 7, 1986 by the appropriate judicial authority in the Kingdom of Norway. Essentially, STOREBRAND contends that Trosvik was not a judicial person at the time of suit, and therefore cannot be made a party to these proceedings. The adequacy of the submissions relative to Trosvik's bankruptcy, and additionally whether

PORSGRUNN qualifies as Trosvik's "successor", are subordinate with respect to the determination of personal jurisdiction with respect to these foreign defendants.

3. Similarly, movants have alleged plaintiff's service of process was defective. This issue is also mooted by the finding of no personal jurisdiction as to said foreign defendants.

4. The MANDAN is owned by defendant Chang Xin Shipping Company, Ltd.

5. The MANDAN limitation fund exceeds $17 million.

agents, assets, or property of any kind in Louisiana. It is not disputed that sole occasions of the presence of PORSGRUNN personnel in Louisiana were two in number,[6] prior to the collision which is the subject of these consolidated proceedings. On both occasions, PORSGRUNN dispatched service personnel, at the vessel owner's request and for the limited purpose of servicing the vessel.[7]

On the first occasion, the service man merely utilized the New Orleans airport to facilitate travel to the M/V YAGUAR the vessel upon which service was performed. No business other than servicing the vessel at the vessel owner's request was conducted.

The second occasion entailed a service man traveling from Porsgrunn to Louisiana to provide service to the M/V RANGER, which was located at the Port of New Orleans.

The only other contact PORSGRUNN had with either the MANDAN or this jurisdiction was *after* the casualty upon request for service on M/V MANDAN from Orient Ship Management. PORSGRUNN dispatched Rolf Kihle, who spent eight days in New Orleans aboard the MANDAN, and then departed because certain replacement parts were not available. PORSGRUNN later sent Kai Gullicksen, who performed contract service work for the company, to attend the installation of the replacement parts in the MANDAN' steering gear. Other than previously mentioned, PORSGRUNN had no contact or otherwise made any appearance in Louisiana. It has neither advertised nor established channels for the provision of services to customers in Louisiana.

Of these few instances aforementioned, wherein PORSGRUNN service men trav-elled to Louisiana, all arose in response to requests/actions of consumers of its services who happened to be located in Louisiana at the time service was requested. None of the contacts were the result of specific solicitations by PORSGRUNN in the State of Louisiana. It was mere happenstance that PORSGRUNN service men travelled to Louisiana prior to and after the casualty in question.

SIG is a corporation organized and existing pursuant to the laws of Switzerland. Though it owns wholly or partially, directly or indirectly, various subsidiary companies, including a United States Holding Company, SIG is not now, nor has it ever been qualified to do business in the State of Louisiana. It has never had an office, warehouse, place of business, employees, agents or representatives in Louisiana. It has never had an agent designated for service of process in Louisiana.

SIG's only contacts with the state of Louisiana were: (1) the sale of sugar packing machines in 1981 to a Colorado company, which in turn ultimately installed same at a sugar company in Reserve, Louisiana; and (2) the 1984 sale of sugar packing machines to Reserve, Louisiana sugar packing company, which machinery was then delivered and installed at the vendee's Scotts Bluff, Nebraska plant.[8] From time to time, SIG has sold miscellaneous spare parts for the aforementioned machines.

In 1975, SIG sold two hydraulic control units in Switzerland to Trosvik, a Norwegian company. These hydroelectric mechanisms which are the subject of this litigation were shipped from Switzerland to Trosvik in Porsgrunn, Norway in 1975. SIG has never sold any such control mechanisms in the State of Louisiana and the aforementioned sales transaction bears no

---

**6.** Both of the occasions of PORSGRUNN having flown service personnel to Louisiana were unsolicited by PORSGRUNN and fortuitous in that Louisiana happened to be the location of the vessel when service was required.

**7.** PORSGRUNN neither designed nor manufactured the steering gear aboard the MANDAN. PORSGRUNN's sole involvement with the MANDAN prior to the instant casualty occurred outside of the jurisdiction of this Court and in-volved the installation of a totally unrelated component [i.e., the Power Refilling System not the steering gear].

**8.** In 1986, 1987, and 1989, SIG also sold four packing machines to the Folger Coffee Company of Cincinnati, Ohio, which machines were ultimately placed by Folgers at their New Orleans, Louisiana plant.

relationship to the State of Louisiana. SIG neither designed nor installed the steering system aboard the MANDAN.

Trosvik [PORSGRUNN's alleged "predecessor corporation"] manufactured the steering gear for the MANDAN utilizing various components, including the two hydraulic control units purchased from SIG. Trosvik then sold the steering gear to the Swedish shipyard that built the MANDAN[9] *in Sweden.* PORSGRUNN bought certain assets of Trosvik and hired certain employees of Trosvik who were formerly involved in the servicing of Trosvik manufactured steering gears. By the Agreement of Acquisition, PORSGRUNN assumed responsibility only for steering gears delivered on and after September 1, 1985. Trosvik was adjudged a bankrupt company under the laws of the Kingdom of Norway in said country on August 7, 1986. Trosvik's affairs were wound up as September 29th, 1989.

Trosvik has had no connection, whatsoever, with the State of Louisiana.

From the time the SIG hydraulic units were manufactured in Switzerland until the MANDAN was completed and delivered to her purchaser in Sweden, all the manufacturing and sales transactions occurred in Europe. No part of the chain of commercial transaction that resulted in the construction and sale of the MANDAN had any connection with the United States or the State of Louisiana, for that matter.

## II. DISCUSSION:

■ The MANDAN interests contend that aforementioned movants are subject to the personal jurisdiction of this Court. It is the opinion of this Court based on the aforementioned *limited* contacts with the State of Louisiana, that the exercise of personal jurisdiction over SIG, PORS-GRUNN, TROSVIK and their insurer, STOREBRAND exceed the limits of "due process" and is consequently constitutionally impermissible.

The determination of the validity of a court's assertion of jurisdiction over a non-resident under a long-arm statute generally involves a two-step analysis: (1) the state statute must provide authority for the court to exercise personal jurisdiction over the non-resident in the litigation; and (2) there must be sufficient contacts between the defendant, the litigation and the forum state so as not to offend the traditional notions of due process. Because the Louisiana Long–Arm Statute LSA–R.S. 13:3201 has been construed to extend jurisdiction coextensively with the limits of "due process," [10] the first inquiry collapses into the second. Thus, the sole issue for this Court to decide is whether it is consistent with the Due Process Clause to require movants herein to defend this suit in Louisiana federal district court.[11]

■ In *Helicopters Nacionales De Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984) the Supreme Court explained:

The Due Process Clause of the Fourteenth Amendment operates to limit the power of a State to assert *in personam* jurisdiction over a nonresident defendant. Due process requirements are satisfied when *in personam* jurisdiction is asserted over a nonresident corporate defendant that has "certain minimum contacts with [the forum] such that the maintenance of suit does not offend 'traditional notions of fair play and substantial justice.'" When a controversy is related to or "arises out of" a defendant's contacts with the forum, the Court has said that a "relationship among the defendant, the forum, and the litigation" is the essential foundation of *in personam* jurisdiction.[12]

---

9. When it was originally delivered the MANDAN was named ANGELIC SKY.

10. *Petroleum Helicopters, Inc. v. Avco Corporation,* 834 F.2d 510, 512 (5th Cir.1987).

11. Cf., *Federal Insurance Company v. Lake Shore, Inc.,* 886 F.2d 654, 657 n. 2 (4th Cir.1989).

12. This is what is referred to as "specific jurisdiction", that is when a State exercises personal jurisdiction over a defendant in a suit "arising out of" or "related to" the defendant's contact with the forum.

■ Even when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum State,[13] due process is not offended by a State's subjecting the corporation to its *in personam* jurisdiction *when there are sufficient contacts between the State and the foreign corporation.* [citations omitted and emphasis supplied].

While the non-movants in the instant case do not concede that their claims against PORSGRUNN, TROSVIK, SIG, and STOREBRAND did not "arise out of", and are not "related to" said foreign entities activities with Louisiana, the facts admit but one conclusion, that said claims did not "arise out of" and are not "related to" their activities in this forum.

■ Plaintiffs and MANDAN interests rely heavily on *Bean Dredging Corporation v. Dredge Technology Corp.*, 744 F.2d 1081 (5th Cir.1984) asserting by virtue of the "stream of commerce" theory, specific jurisdiction is established as to movants. This position ignores both the criticism of the plurality decision of Supreme Court in *Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102, 117, 107 S.Ct. 1026, 1032, 94 L.Ed.2d 92 (1987) specifically rejecting the "stream of commerce" theory advocated by the Fifth Circuit in *Bean Dredging*, and that said theory contemplates a sales and/or distribution process which brings the product into the forum. In the case at bar, the sales/distribution process ended in Europe, Sweden to be exact. The mere fact that a consumer happens to bring a product into the forum

state is insufficient to support personal jurisdiction over the manufacturer.[14]

The stream of commerce refers not to unpredictable currents or eddies, but to regular and anticipated flow of products from manufacture to distribution to retail sale.[15]

As movants herein aptly argue, this simply is not a "stream of commerce" case. The component in this case did not reach the state of Louisiana through the "stream of commerce" which traversed only as far as Sweden. That a consumer, the operator of the vessel MANDAN had a port of call or passed through Louisiana 15 years later is not synonymous with serving the Louisiana market. This Court is bound by the Supreme Court's pronouncements in *Asahi*, to wit:

Applying the principal that minimum contacts must be based on an act of the defendant, the Court in *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), rejected the assertion that a consumer's unilateral act of bringing the defendant's product into the forum state was a sufficient constitutional basis for personal jurisdiction over the defendant. It had been argued in *World–Wide Volkswagen* that because an automobile dealer and its wholesale distributor sold a product mobil by design and purpose, they could foresee being haled into court in the distant states into which their customers might drive. The court rejected this concept of foreseeability as an insufficient basis for jurisdiction under the Due Process clause. 107 S.Ct. at 1026.[16]

13. The state has been said to be exercising "general jurisdiction" over the defendant, when the State exercises personal jurisdiction in a case not arising out of or related to the defendant's contacts with the forum.

14. Both *Irving v. Owens Corning Fiberglass Corporation*, 864 F.2d 383, 385 (5th Cir.1989), and *Bean Dredging*, 744 F.2d 1081, 1085 (5th Cir. 1984) cited by the MANDAN interests support this Court's position. In *Irving*, the Fifth Circuit stated with regard to "specific jurisdiction": "The district court exercised specific jurisdiction of actions related to the defendant's contacts, *provided that the contact sprang from the defendant's purposeful conduct* rather than the plaintiff's unilateral activities." 864 F.2d at 385. The

*Bean* court rested its decision on the distribution process of the defendant, stating: "The fact remains that even though Rogers–Olympic did not control it, (the company) did place the (steel castings) in and move them along a stream of commerce destined for retail sale (in finished products) throughout the United States." 744 F.2d at 1085.

15. *Asahi Metal Industry Co., Ltd. v. Superior Court*, 107 S.Ct. at 1034 (Justices Brennan, White and Marshall concurring).

16. See also, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985) [to the effect that the "substantial connection" between the defendant and the forum

Having resolved that this is not a "specific jurisdiction" case, the focus shifts to the movant companies' contacts with the State of Louisiana to determine whether they constitute the kind of "continuous" and "systematic" general business contacts such the exercise of "general jurisdiction" would be proper. The Court finds no such contact exists.

■ A close examination of the activities of PORSGRUNN, TROSVIK, STOREBRAND, and SIG *vis a vis* this forum reveals a paucity of contacts with Louisiana. As was the case in *Bayou Steel Corporation v. M/V Amstelvoorn*, 809 F.2d 1147, 1150 (5th Cir.1987), movants in the case at bar had neither offices nor employees in Louisiana and transacted no business here. This Court finds only that Trosvik manufactured the steering gear, SIG supplied component hydraulic units, and that PORSGRUNN's sent two service men to the MANDAN in Louisiana post-accident at the request of the MANDAN interests to repair the steering gear, which was an insignificant "contact" at best. That the MANDAN travelled through the State of Louisiana or even made port calls in Louisiana or that it was foreseeable that it would do so are wholly irrelevant lines of inquiry under the aforementioned jurisprudence.

Borrowing language from the *Bayou Steel* court, "stripped to its essentials, the position of [the plaintiffs and the MANDAN interests] is that [PORSGRUNN, TROSVIK, and SIG] introduced a product [via] the vessel, into the stream of commerce, that its presence in Louisiana was foreseeable, and that [they] could have anticipated being haled into court in Louisiana." *Id.* As noted previously, movants

herein have had no intercourse with Louisiana, the visits of vessels which contain component parts manufactured by them comprise the totality of their contacts with this forum. To subject these entities to the jurisdiction of the federal court in Louisiana because of the fortuity that the vessel at issue visited Louisiana waters, unsupported by systematic and continuous contact, offends the principle of due process.[17]

Plaintiffs and the MANDAN interests vigorously argue the *uncertainty* of the Supreme Court in *Asahi*, supra, pointing to the division of that Court with respect to the dimension of the "stream of commerce" doctrine. Regardless of any such uncertainty, *Asahi* involved a question of specific jurisdiction which is not the issue here. As the Fifth Circuit in *Bearry* observed "nothing in *Asahi* signaled that the Supreme Court wished to eliminate the distinction between specific and general jurisdiction, recognized as recently as its opinion in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 2182 n. 15, 85 L.Ed.2d 528 (1985)."[18] In a nutshell, here the cause of action is unrelated to movants' contacts with the forum.

■ Turning to non-movants argument in the case at bar with respect to SIG's subsidiaries' contacts, it is well-settled that the mere existence of a parent-subsidiary relationship will not support the assertion of jurisdiction over a foreign defendant.[19] Plaintiffs' focus on contacts of other companies comprising the SIG group of companies is thus, "much ado about nothing."

This Court is mindful of both "the unique burdens placed upon one who must defend oneself in a foreign legal system" and the "significant weight" accorded this factor "in assessing the reasonableness of

State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State].

**17.** See, *Bearry v. Beech Aircraft Corporation*, 818 F.2d 370, 374 (5th Cir.1987) holding that:

When the cause of action *does not arise from* or relate to the foreign corporation's *purposeful conduct within the forum state, due process requires their be continuous and systematic contacts* between the State and the

foreign corporation to support an exercise of "general" personal jurisdiction by that forum. [citing *Helicopteros Nacionales de Colombia,* supra, and emphasis supplied].

**18.** 818 F.2d at 375.

**19.** *Dalton v. R & W Marine, Inc.,* 897 F.2d 1359, 1363 (5th Cir.1990). See also, *Hargrave v. Fibreboard Corporation,* 710 F.2d 1154 (5th Cir.1983); and *Clark v. Moran Towing,* 738 F.Supp. 1023 (E.D.La.1990).

stretching the long arm of personal jurisdiction over national borders"[20]. These international considerations alone weigh against finding the reasonableness of asserting jurisdiction in this case. When considered together with the total absence of contacts in the case of TROSVIK, the insignificant contacts of PORSGRUNN and SIG, which in no manner or stretch to the circumstances approximate "continuous" and "systematic contacts" as required, this Court is left no choice but to grant their motions to dismiss for lack of *in personam* jurisdiction.

■ Even assuming *arguendo* that PORSGRUNN's SIG's, and STOREBRAND's connections with the State of Louisiana were continuous and systematic, this Court is persuaded that the exercise of general jurisdiction would *not* be fair and reasonable. In assessing the fairness of asserting jurisdiction, *Asahi* requires the court to look at the following factors: (1) the burden on the defendant; (2) the interests of the forum state; (3) the plaintiffs' interest in obtaining relief; and (4) the interests of the several states.[21]

As previously discussed, the burden placed upon the defendants here is real. However, this is not the sole determinant. This suit further implicates no distinct interest of Louisiana.[22] Neither PORSGRUNN, TROSVIK, STOREBRAND nor SIG have ever been qualified to do business in Louisiana. They own no property in Louisiana, and have no facilities in Louisiana. None of the moving entities have an office or an agent in Louisiana. The work performed on the MANDAN subsequent to the collision at issue by service personnel of PORSGRUNN was scheduled at the request of the vessel's owners and operators and was for a period of limited duration.[23] Yet, they are asked to defend lawsuits here.

The assertion of such broad general interest [i.e., that Louisiana has an interest in the quality and safety of products that PORSGRUNN and SIG manufacture and/or service or that TROSVIK, now defunct, used to manufacture because said products may find their way into this State], does not suffice to override the burdens placed on foreign defendants by these consolidated proceedings.[24] Third party plaintiff's, the MANDAN interests [i.e., the vessel and her owners and operators Chang Xin] are Hong Kong based. Though many of the individual plaintiff's are Louisiana residents who have seen fit to amend their claims and add movants following the lead of Chang Xin, the limitation fund exceeding $17 million is more than adequate to satisfy their claims. That Louisiana is the locus of the injury/damage is simply insufficient to satisfy the notion of "fairness." Accordingly, and for all of the aforementioned reasons,

IT IS ORDERED that the MOTIONS TO DISMISS for lack of *in personam* jurisdiction filed on behalf of PORSGRUNN, TROSVIK, STOREBRAND, and SIG are hereby GRANTED.

**20.** *Asahi,* 107 S.Ct. at 1032.

**21.** 107 S.Ct. at 1034.

**22.** Cf., *Bearry,* 818 F.2d at 377.

**23.** In *Federal Insurance Co. v. Lake Shore Inc.,* 886 F.2d 654, 659 (4th Cir.1989), a case similar to the instant proceedings both *sub judice* and on its facts, the Court similarly concluded with regard to limited contacts at the request of the vessel owners as follows:

Subsequent to the accrual of Federal's cause of action in April of 1985, Peterson has sent employees to South Carolina to perform warranty work on a United States vessel stationed in Charleston and has executed a one-year contract with a South Carolina shipyard to provide support for services for that warranty work. These contacts, however, are insufficient to justify the assertion of general jurisdiction over Peterson. All work is scheduled at the request of the Navy, and the arrangements between Peterson and the Navy, and Peterson and the shipyard are of limited duration. In short Peterson has not engaged in "significant activities" in South Carolina, and has not created "continuing obligations" between itself and residents of the forum.

The case before this Court is even stronger than in *Federal Insurance Co.,* supra, in that the MANDAN interests that solicited the service of PORSGRUNN service personnel are not Louisiana residents, but rather, as previously mentioned, Hong Kong based.

**24.** *Id.*

IT IS FURTHER ORDERED that the Motions to Quash Service of Process filed on behalf of the aforementioned movants, PORSGRUNN, STOREBRAND, and SIG are hereby DISMISSED AS MOOT.

IT IS FURTHER ORDERED that the Motion to Dismiss Trosvik Industri, A/S, as a bankrupt filed on behalf of STOREBRAND its insurer, is DISMISSED AS MOOT.