513 So.2d 1188 (1987)
PETROLEUM HELICOPTERS, INC.
v.
AVCO CORPORATION, et al.
No. 87-CQ-0529.
Supreme Court of Louisiana.
October 19, 1987.
*1189 Kenneth H. Laborde, Lisa J. Miley, McGlinchey, Stafford et al., for appellant.
L. Albert Forrest, Roy, Forrest & Lopresto, W. Luther Wilson, Taylor, Porter et al., Howard Daigle, Jr., Stephen Hall, Phelps, Dunbar et al., Perkin Coie, for appellees.
LEMMON, Justice.
Pursuant to Louisiana Supreme Court Rule XII, the United States Court of Appeals for the Fifth Circuit, 811 F.2d 922, certified to this court a question of state law regarding whether La.R.S. 13:3201 et seq., the Louisiana Long-arm Statute, confers personal jurisdiction over a nonresident defendant when the cause of action did not arise out of any conduct by the nonresident which is specifically enumerated in the statute, even though a Louisiana court's assertion of personal jurisdiction does not violate federal constitutional principles.
The determination of the validity of a state court's assertion of personal jurisdiction over a nonresident under a long-arm statute generally involves a two-step analysis. The state statute must provide authority for the court to exercise personal jurisdiction over the nonresident in the particular litigation, and there must be sufficient contacts between the defendant, the litigation and the forum state so as not to offend traditional notions of due process.[1] Here, the federal appellate court determined that there were sufficient minimum contacts to satisfy due process and certified the question of state law pertaining to the scope of the Louisiana Long-arm Statute. However, after the filing of the present action, the Louisiana Legislature significantly broadened the scope of the Louisiana Long-arm Statute to extend a Louisiana court's authority to exercise personal jurisdiction over a nonresident on any basis consistent with federal and state constitutional principles. Since we conclude that the limits of the amended statute and the limits of due process are coextensive and that the amendment applies to pending actions, we determine that the federal court's decision on constitutional due process also decided that the state statute authorized the exercise of jurisdiction over the nonresident in this litigation.

I
Plaintiff, a Louisiana corporation, purchased a helicopter from a Texas company which had manufactured the aircraft and installed emergency floatation devices purchased from a California corporation. The helicopter sank in the Gulf of Mexico outside Louisiana's territorial limits. Plaintiff filed suit in federal court against several parties, including the California manufacturer of the floatation devices, to recover the value of its destroyed helicopter. Service of plaintiff's complaint on the manufacturer was by certified mail in accordance *1190 with La.R.S. 13:3204. The manufacturer objected to the Louisiana court's exercise of personal jurisdiction.
The evidence established that the manufacturer had transacted business extensively in Louisiana, but had never supplied these particular floatation devices directly to anyone in this state.[2] The district court dismissed the action for lack of personal jurisdiction over the manufacturer under the Louisiana Long-arm Statute. Petroleum Helicopters, Inc. v. Avco Corp., 623 F.Supp. 902 (W.D.La.1985).
On appeal, the court of appeal held that due process requirements did not prevent a Louisiana court from asserting personal jurisdiction over the manufacturer under the circumstances of this case, but noted that the decisions of the state courts were unclear as to the applicability of the long-arm statute to the conduct of a nonresident which was not specifically enumerated in the statute. The court extensively discussed recent decisions of state intermediate appellate courts which conflicted with statements in dicta by this court that the long-arm statute was intended to tap the full potential of personal jurisdiction over nonresidents consistent with federal constitutional principles. Noting that the question of the applicability of the long-arm statute was a matter of Louisiana law which would be dispositive of the case, the court decided to certify the question to this court. 804 F.2d 1367 (5th Cir.1986). After receiving memoranda from counsel, the court certified the following question to this court: "Was the service of process made on Garrett Corporation in this case valid under Louisiana Rev.Stat.Ann. § 13:3201(1) (West Supp.1986)?" 808 F.2d 1520 (5th Cir.1987). This court accepted certification. 503 So.2d 1010.

II
Louisiana adopted its first long-arm statute in 1964.[3] The initial statute provided:
"A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the non-resident's

"(a) transacting any business in this state;
"(b) contracting to supply services or things in this state;
"(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;
"(d) causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state; or
"(e) having an interest in, using, or possessing a real right or immovable property in this state." (emphasis added)
Despite the statute's narrow language, Comment (a) to the original statute indicated an intention for broad application:
"R.S. 13:3201 through 13:3207 were adopted on the recommendation of the Louisiana State Law Institute to permit the courts of this state to tap the full *1191 potential of jurisdiction in personam over nonresidents permitted by International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945); and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957)." (emphasis added)
However, this potentially sweeping application was also limited by another part of the 1964 statute, La.R.S. 13:3202, which provided:
"When personal jurisdiction over a non-resident is based solely upon R.S. 13:3201, only a cause of action arising from acts or omissions enumerated therein may be asserted against him."
Between its initial adoption in 1964 and the 1983 accident at issue in this litigation, La.R.S. 13:3201 was amended three times to add Subsections (f), (g) and (h), which provide:
"(f) Non-support of child or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state. [Added by Acts 1977, No. 734]
"(g) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state. [Added by Acts 1980, No. 764]
"(h) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices." [Added by Acts 1984, No. 399]
Thus, at the time of this accident, La.R.S. 13:3201, given a literal interpretation, arguably would not provide jurisdiction over the California manufacturer. Subsections (e), (f) and (g) related to immovable property and domestic matters. Subsection (b) related to contracts to supply. Subsections (d) and (h) pertained only to injury or damages caused in this state, and subsection (c) pertained only to an act or omission in this state. No subsection expressly covered conduct by a nonresident outside Louisiana which caused injury or damage outside Louisiana. Only subsection (a) had arguable applicability, but the statutory language expressly limited its application to a "cause of action arising from the nonresident's... transacting any business in this state". Because the California manufacturer had transacted business in Louisiana, but the cause of action did not arise from those particular transactions, the federal court certified the question of the applicability of subsection (a).
Although this court has noted in past decisions that the intent of the original long-arm statute was to tap the full potential of jurisdiction allowed under the Due Process Clause of the Fourteenth Amendment, we have never been called upon to decide a case which squarely fell between the statutory reach of the literal provisions of the long-arm statute and the constitutional reach of due process. However, several intermediate courts have decided that a Louisiana court may not exercise personal jurisdiction over a nonresident when there is no direct connection between the nonresident's conduct in Louisiana and the plaintiff's cause of action. Alba v. Riviere, 457 So.2d 33 (La.App. 4th Cir.1984), cert. denied, 462 So.2d 194 (La.1984); Robinson v. Vanguard Insurance Co., 468 So.2d 1360 (La.App. 1st Cir.1985), cert. denied, 472 So.2d 924 (La.1985). In these decisions, the defendant's conduct fell beyond the reach of the long-arm statute, although possibly within due process limitations for exercise of personal jurisdiction.
In 1987 the Louisiana Legislature amended the long-arm statute by Acts 1987, No. 418, effective September 1, 1987, to add La. R.S. 13:3201(B), which provides:
"In addition to the provisions of [13:3201(A) ], a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and the Constitution of the United States."
Act 418 also repealed La. R.S. 13:3202, which had expressly limited La.R.S. 32:3201 to causes of action arising from acts or omissions enumerated therein.
*1192 The 1987 amendment was designed to ensure that the long-arm jurisdiction of a Louisiana court extends to the limits allowed by due process. See Official Comment Acts 1987, No. 418. When constitutional requirements of due process have been met (as the federal appellate court decided in this case), there is no longer a need to inquire into whether the defendant's conduct falls within the reach of the long-arm statute. Now, under the express wording of the present Louisiana Long-arm Statute, the sole inquiry into jurisdiction over a nonresident is a one-step analysis of the constitutional due process requirements. If the assertion of jurisdiction meets the constitutional requirements of due process, the assertion of jurisdiction is authorized under the long-arm statute.[4] The limits of the Louisiana Long-arm Statute and the limits of constitutional due process are now coextensive.

III
Because the cause of action in this case arose before the effective date of the 1987 amendment, it is also necessary to determine whether the amended statute applies to this cause of action. The general principle of retroactivity is that laws affecting substantive rights generally do not operate retroactively, while laws that relate to procedure operate retroactively in the absence of clear legislative intent to the contrary. Most courts have characterized long-arm statutes as procedural and have concluded that the enactment of new statutes or the amendment of existing statutes apply retroactively, at least in the sense that such statutes may be used to gain jurisdiction over a defendant whose acts giving rise to the action occurred prior to the effective date of the statute. McBead Drilling Co. v. Kremco, Ltd., 509 So.2d 429 (La.1987); see also R. Casad, Jurisdiction in Civil Actions, § 4.7-4.8 (1983), and the cases cited therein.
Therefore, the question certified to this court, concerning the exercise of jurisdiction by a Louisiana court when the defendant's conduct falls beyond the literal terms of Louisiana's former long-arm statute, has been rendered moot by the enactment of an amendment which expressly authorizes the exercise of jurisdiction to the full limits of constitutional due process. Whether the exercise of personal jurisdiction by a Louisiana court based on the manufacturer's conduct in this case violates constitutional due process requirements has already been answered by the certifying court.[5]
Accordingly, we reply to the certified question by stating that the determination that the Louisiana court's exercise of personal jurisdiction over the nonresident comports with the requirements of due process also satisfies the requirements of the amended Louisiana Long-arm Statute which is applicable in this case.
WATSON, J., concurs. See Fryar v. Westside Habilitation Center, 479 So.2d 883 (La., 1986).
NOTES
[1] The constitutional limitations on the exercise of personal jurisdiction are not the only conditions which must be met before a court can subject a person to its orders. The provisions of the relevant statute conferring jurisdiction must also be satisfied. R. Casad, Jurisdiction in Civil Actions § 3.01 (1983).
[2] The California manufacturer had independent distributorship agreements with three Louisiana companies. Between 1980 and 1983 the manufacturer derived more than $1,770,000 per year from Louisiana business transactions. Its representatives visited Louisiana monthly to discuss uses of its equipment with customers and to train users. It also serviced its engine products within the state and distributed newsletters and advertisements within the state.

On two occasions the manufacturer's representative visited plaintiff's Louisiana facility to train plaintiff's personnel to service its floats. The manufacturer also shipped replacement floats directly to the Louisiana facility twice. However, these floats could not be utilized on the AS-350 helicopter involved in this action.
[3] After the decision in International Shoe v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), Illinois, Wisconsin and New York enacted long-arm statutes. In 1963 the Commissioners of Uniform State Laws promulgated a model long-arm statute in the Uniform Interstate and International Procedure Act. At the present time, every state, as well as the District of Columbia, Puerto Rico and the Virgin Islands, has provided, by statute or court rule, for the assertion of jurisdiction over nonresidents. See generally R. Casad, Jurisdiction in Civil Actions § 4.01 (1983).
[4] Many other jurisdictions have adopted similar general "any constitutional basis" statutes. See Alabama Rules of Civil Procedure 4.2(a)(2)(1); California Civ.Proc.Code § 410.10 (West 1973); D.C.Code Ann. § 13-423 (1981); Iowa Rules of Court 56.2 (West 1982); Neb.Rev.Stat. § 25-536 (1985); Okla.Stat.Ann. tit 12 § 2004 (1980); Or.Rev.Stat. § 1:4(L); Pa. Cons.Stat.Ann. § 41:5322 (Purdon 1981); Utah Code Ann. Vol. 9A § 78-27-22 (1977); Wyo. Stat. Vol. 2 § 5-1-107 (1977). See also N.J. Civ. Prac. Rule 4:4-4-(1) (requires order of court); Tex.Fam.Code § 11.051 (Vernon 1979) applies only to parent-child relationships. See also R. Casad, Jurisdiction in Civil Actions § 4.01 (1983).
[5] The federal appellate court decided the federal constitutional question prior to certifying the state question so that the answer by this court would be dispositive of the outcome of the case.