Dale **BORDELON**

v.

**JEFFERSON FEED & GARDEN SUPPLY, INC., et al.**

**Civ. A. No. 88–992.**

United States District Court, E.D. Louisiana.

Nov. 9, 1988.

2. The law of South Carolina, not Oregon, is controlling in this action.

Lawrence J. Fritz, Metairie, La., for plaintiff, Dale Bordelon.

Thomas G. Milazzo, Regan & St. Pe', Metairie, La., for Jefferson Feed & Garden Supply.

Andrew S. DeKlerk, Kent B. Ryan, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, La., for third-party defendant, Donald Shephard.

## ORDER AND REASONS

MENTZ, District Judge.

On October 4, 1988 the defendant, Donald Shephard, filed an application to enjoin the Twenty–Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, from exercising personal jurisdiction over him. The application was subsequently taken under submission without oral argument. In this application Shephard argues under Rule 65 of the Federal Rules of Civil Procedure and 28 U.S.C. Section 2283 that the state court should be enjoined from relitigation of this issue because he has already been adjudged by this Court to be outside the jurisdiction of Louisiana. The Court, after reviewing the record, the memoranda of counsel, and the applicable law, grants defendant's application for a permanent injunction of state court proceedings for the reasons set forth below.

## FACTS

On February 27, 1987, Dale Bordelon brought suit in a Louisiana state court against Jefferson Feed and Garden Supply, Inc. (Jefferson Feed) for damages resulting from the death of Bordelon's race horse. The horse's death was allegedly caused by ingestion of beetle-infested hay sold by Jefferson Feed to Joe Gleber Racing Stables, Bordelon's stabler. One year later, Jefferson Feed brought a third party demand for indemnity and/or contribution against Donald Shephard, an Oklahoma resident. Allegedly, the infested hay had been grown by Shephard and sold to Jack McCracken, another Oklahoma resident. McCracken had, in turn, re-sold the hay to Jefferson Feed.

Shephard removed the entire case to this Court pursuant to 28 U.S.C. Section 1441(c). Mr. Shephard subsequently moved this Court to dismiss him for lack of personal jurisdiction. On the other hand, Mr. Bordelon moved that the case be remanded back to state court. On July 20, 1988, oral arguments were heard and both motions were granted. The Court treated Mr. Shephard's motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

Once back in state court, Mr. Bordelon filed a supplemental petition on August 26, 1988, naming Shephard as an additional defendant. As a result, Mr. Shephard now asks this Court enjoin the Louisiana state court from exercising personal jurisdiction over him.

## ANALYSIS

The Anti–Injunction Act generally prohibits federal courts from granting injunctions to stay proceedings in state courts:

A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. 28 U.S.C. sec. 2283.

By barring such federal court intervention, the Act "prevent[s] needless friction between state and federal courts...." *Atlantic Coast Line R. Co. v. Locomotive Engineers,* 398 U.S. 281, 286, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970) (citation omitted).

On its face, the Act absolutely prohibits injunctions of state court proceedings unless the injunction falls under one of the three specifically defined exceptions. *Id.* These exceptions are designed to ensure the effectiveness and supremacy of federal law, but are not to be construed broadly. *Chick Kam Choo v. Exxon Corp.,* —— U.S. ——, 108 S.Ct. 1684, 1689, 100 L.Ed.2d 127 (1988). *See also Atlantic Coast Line,* 398 U.S. at 286–87, 90 S.Ct. at 1743–44 (rejecting the idea that the Act establishes only a discretionary "principle of comity"). Only the last of the these three exceptions, "to protect or effectuate its judgments," is applicable in the present case. The issue thus becomes whether an injunction is necessary "to protect or effectuate" this Court's judgment dismissing the defendant for lack of personal jurisdiction.

▮ The Supreme Court has recognized that, "a federal court does not have inherent power to ignore the limitations of Section 2283 and enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area pre-empted by federal law, even when the interference is unmistakably clear." *Atlantic Coast Line,* 398 U.S. at 294, 90 S.Ct. at 1746. Rather, the relitigation exception was designed to permit a federal court to prevent a state court from relitigating issues decided by the federal court. *Chick Kam Choo,* 108 S.Ct. at 1690. It is grounded in the well-recognized concepts of *res judicata* and collateral estoppel. *Id.* However, the relitigation exception is limited to those claims *acutally* decided by the federal court. *Id.* This prevents the federal court from issuing an injunction based on a *post hoc* interpretation of its prior decision. *Atlantic Coast Line,* 398 U.S. at 290–93, 90 S.Ct. at 1744–46.

In *Chick Kam Choo,* a resident of the Republic of Singapore brought suit against Exxon in the United States District Court for the Southern District of Texas. The suit involved various claims for the alleged wrongful death of her husband, who was killed while performing repair work in Singapore aboard a ship owned by Exxon. The District Court concluded under a choice-of-law analysis that United States law should not be applied, and subsequently dismissed the case based on *forum non conveniens* grounds. Rather than commence litigation in Singapore, however, the plaintiff filed suit in Texas state court. The defendants then returned to the District Court and requested an injunction to prevent the plaintiff from relitigating in the state forum any issues decided by the federal court. The District Court granted the motion, and the Fifth Circuit upheld the injunction. The Supreme Court reversed, noting that Texas state courts might apply an altogether different *forum non conveniens* analysis, or indeed, no such analysis at all.[1] Therefore, whether the Texas state courts were an appropriate forum for the plaintiff's Singapore law claims *had not yet been litigated,* and an injunction to foreclose consideration of that issue was not within the relitigation exception. *Chick Kam Choo,* 108 S.Ct. at 1691. However, the Court permitted the injunction with respect to that part of the District Court's decision regarding choice-of-law. The Court noted that a decision respecting choice-of-law "necessarily precludes the application of Texas law" and was within the scope of Section 2283. *Id.* at 1692.

*Atlantic Coast Line* makes clear that the relitigation exception to Section 2283 is limited to those claims *actually* decided by the federal court. *Chick Kam Choo,* 108 S.Ct. at 1690. The District Court, in *Chick Kam Choo* actually decided only the choice-of-law and *federal forum non conveniens* issues. Thus, the significantly different *forum non conveniens* analysis which is applied by the Texas courts had not been litigated in the District Court.

▮ The Court finds that the personal jurisdiction issue in the case at bar fits

---

1. "Federal *forum non conveniens* principles simply cannot determine whether Texas courts, which operate under a broad 'open-courts' mandate, would consider [Texas state courts] an appropriate forum for [the plaintiff's] lawsuit."

*Chick Kam Choo,* 108 S.Ct. at 1690. The Supreme Court further noted that originally only the federal *forum non conveniens* issue was briefed and argued to the District Court. *Id.* at 1691.

within the relitigation exception to the Anti–Injunction Act. Mr. Shephard was found by this Court to be outside the jurisdiction of Louisiana. That decision was based on the Louisiana long-arm statute, La.R.S. 13:3201, which authorizes the exercise of jurisdiction to the full extent permitted by constitutional due process. *Petroleum Helicopters, Inc. v. Avco Corp.*, 513 So.2d 1188, 1192 (La.1987). Constitutionally, the Louisiana state courts, using the Louisiana long-arm statute, can go no further in obtaining personal jurisdiction over an out of state party than could this Court. *See Point Landing, Inc. v. Omni Capital Int'l Ltd.*, 795 F.2d 415, 426–27 (5th Cir. 1986). Due process thus requires a permanent injunction in this case, preventing the Louisiana state court from relitigating the personal jurisdiction issue.

This Court also notes that Mr. Bordelon will not be deprived of a forum, as he is free to file a claim against Mr. Shephard, should he so choose, in any Oklahoma state or federal court of competent jurisdiction.

Accordingly,

IT IS ORDERED that the defendant's application for a permanent injunction is GRANTED, and the Twenty–Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, is hereby ENJOINED from exercising personal jurisdiction over the applicant.