EDWARD A. DUFRESNE, JR., Chief Judge, Ad Hoc.
2This is an appeal by Southeast Wireless Network, Inc., et al., plaintiffs-appellants, from a judgment sustaining an exception of lack of personal jurisdiction urged by James K. Gable and Charles M. Bruce, defendants-appellees. For the following reasons we vacate that judgment and remand the matter for further proceedings.
The underlying facts are as follows. U.S. Telemetry Corporation (USTC), a defendant, is a Delaware corporation having its principal place of business in Louisiana. This corporation developed a plan whereby it would design equipment to transfer data via the 217-218 MHZ radio spectrum. Plaintiffs, all Louisiana residents and corporations, owned at the time licenses for the radio bands, and they were eventually persuaded by the 3corporation to transfer these licenses in exchange for stock. It is alleged by plaintiffs that at the time of the transfer USTC was in precarious financial condition and had additional market and operational problems, and that these facts were never revealed to them in violation of Louisiana’s Blue Sky law, La. R.S. 51:701 et seq. All of the negotiations and stock transfers were done in Louisiana. Suit *129 was brought against USTC and various other corporations and individuals allegedly involved in the above transactions.
James K. Gable and Charles M. Bruce were members of the board of directors of USTC, and are being sued on grounds that they knew or should have known of alleged fraudulent inducements and activities of the corporation directed toward plaintiffs which caused these latter parties to suffer substantial financial losses. Both Gable and Bruce urged exceptions of lack of jurisdiction over their persons on grounds that they had insufficient contacts with Louisiana to subject them to the jurisdiction of its courts. These exceptions were granted and plaintiffs now appeal.
Personal jurisdiction in Louisiana over non-residents has been governed since 1987 by La. R.S. 18:3201 B, the Long-Arm Statute, which pertinently provides that “a court of this state may exercise personal jurisdiction over a non-resident on any basis consistent with the constitution of this state and of the Constitution of the United States.” In Petroleum Helicopters, Inc. v. Avco Corporation, 513 So.2d 1188 (La.1987) the court stated that under this amendment to the long-arm statute jurisdiction is now coextensive with federal constitutional due process requirements. In a subsequent case, de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d 103, at 106-107, the court elaborated on the analysis of long-arm jurisdiction as follows:
Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, the requirement of meaningful contacts is satisfied if the defendant has purposefully 4directed his activities at ' residents of the forum, Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984), and the litigation results from alleged injuries that arise out of or relate to those activities. Burger King Corp. v. Rudzewicz, supra, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), supra. By requiring that a defendant must have purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws, the requirement ensures that he will not be haled into a jurisdiction solely as a result of a random, fortuitous or attenuated contact, or by the unilateral activity of another party or a third person. Asahi Metal Industry Co. v. Superior Court of California, supra, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); Burger King Corp., 471 U.S. at 475, 105 S.Ct. at 2183; Keeton v. Hustler Magazine, supra; World-Wide Volkswagen Corp. v. Woodson, supra, 444 U.S. 286, 100 S.Ct. 559, 62 L.Edüd 490 (1980). Thus, where the defendant deliberately engaged in significant activities within a state, or has created continuing obligations between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by the benefits and protections of the forum’s laws it is presumptively not unreasonable to require the defendant to submit to the burdens of litigation in that forum as well. Burnham v. Superior Court of California, 495 U.S. 604, 110 S.Ct. 2105, 2124-25,109 L.Ed.2d 631 (1990) (Brennen, J., concurring); Asahi Metal Industry Co., 480 U.S. at 109, 107 S.Ct. at 1030; Burger King Corp., 471 U.S. at 476, 105 S.Ct. at 2184; World-Wide Volkswagen, 444 U.S. at 297, 100 S.Ct. at 567.
Once it has been decided that a defendant purposefully established such mini *130 mum contacts within the forum state, a presumption arises that jurisdiction is reasonable and the burden of proof and persuasion shifts to the defendant opposing jurisdiction to present “a compelling case that the presence of some other considerations would render jurisdiction unreasonable.” Burger King Corp., 471 U.S. at 477, 105 S.Ct. at 2185. See also Haisten v. Grass Valley Medical Reimbursement Fund, Inc.[Ltd.], 784 F.2d 1392 (9th Cir.1986). Most such considerations usually may be accommodated through means short of finding jurisdiction unconstitutional, such as choice of law rules. Burger King Corp., 471 U.S. at 477, 105 S.Ct. at 2185; Burnham v. Superior Court, 110 S.Ct. at 2125. Nevertheless, minimum requirements inherent in the concept of fair play and substantial justice may defeat the inference of reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities reflected by sufficient minimum contacts. Asahi Metal Industry Co., 480 U.S. at 113, 107 S.Ct. at 1033; Burger King Corp., 471 U.S. at 478, 105 S.Ct. at 2185; World-Wide Volkswagen, supra. Jurisdictional rules may not be employed in such a way as to make litigation so gravely difficult and inconvenient that a party is unfairly placed at a severe disadvantage in comparison to his opponent. Burger King Corp., 471 U.S. at 478, 105 S.Ct. at 2185.
In attempting to overcome the prima facie case that jurisdiction is reasonable, the defendant may present evidence and argument as to certain considerations that the Supreme Court has indicated are relevant in deciding whether maintenance of a suit comports with traditional notions of fail' play and substantial justice. The relationship between the defendant and the forum must be such that it is reasonable to require the defendant to defend the particular suit which 5is brought there. International Shoe Co. v. State, 326 U.S. 310 at 317, 66 S.Ct. 154 at 158, 90 L.Ed. 95 (1945). Implicit in this emphasis on reasonableness is the understanding that the burden on the defendant, while always a primary concern, will in an appropriate case be considered in light of other relevant factors, including the forum state’s interest in adjudicating the dispute, the plaintiffs interest in obtaining convenient and effective relief, at least where that interest is not adequately protected by the plaintiffs power to choose the forum, the interstate judicial system’s interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies. Asahi Metal Industry Co., 480 U.S. at 113, 107 S.Ct. at 1033; Burger King Corp., 471 U.S. at 477, 105 S.Ct. at 2184; World-Wide Volkswagen, 444 U.S. at 292, 100 S.Ct. at 564. These considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required. Burger King Corp., 471 U.S. at 477, 105 S.Ct. at 2184; Madara v. Hall, 916 F.2d 1510, 1519 (11th Cir.1990).
In the present case there is no question that the corporation directed its activities to residents of Louisiana and that this litigation results from alleged injuries related to those activities. It had its principal place of business in this state, solicited stock sales and acquired plaintiffs’ assets in exchange for stock, and the allegations are that these transactions were in violation of the state’s blue sky laws.
As to the individual board members, there are a number of states whose long-arm statutes provide that sitting on *131 the board of directors of a corporation having its principal place of business in the forum state is a sufficient contact to constitutionally support personal jurisdiction over a non-resident director. See Simmons v. Templeton, 96-0592 (La.App. 4th Cir.11/27/96), 684 So.2d 529. Implicit in these statutes is the principle that because such directors have manifestly availed themselves of the privilege of conducting business in the forum and being protected by its laws, it is not unreasonable to require them to submit to litigation in the forum as well. We can find no instance in which such a provision has been found to violate the due process clause of the U.S. Constitution. Because Louisiana’s long-arm statute is coextensive with that clause, it follows that exerting jurisdiction over the corporate directors of USTC, a corporation having its 6principal place of business in this state, is within that statute’s ambit and is reasonable. Plaintiffs have thus made a prima facie case for personal jurisdiction over these defendants.
As shown above, once jurisdiction has been found to be reasonable, the burden shifts to the defendant to show that assertion of jurisdiction would be unreasonable in light of traditional notions of fair play and substantial justice, de Reyes v. Marine Management and Consulting, Ltd., supra; Alonso v. Line, 2002-2644 (La.5/20/03), 846 So.2d 745. Although there is admittedly some burden associated with these directors having to defend this suit in Louisiana, we do not see that burden as outweighing other considerations at issue here. Clearly the state of Louisiana has a substantial interest in seeing to it that its blue-sky laws are enforced and it is the proper forum to adjudicate issues arising from activities which occurred in this state. Further, it is not clear how plaintiffs could litigate their complaints against these defendants in any other forum because no other forum would have any realistic interest in this dispute which arose entirely from activities in Louisiana. Finally, the interstate judicial system has an interest in obtaining efficient resolution of controversies, a result which can only reasonably be accomplished by allowing a Louisiana court to resolve the case as to all parties involved in the underlying dispute. Simmons v. Templeton, supra. We thus conclude that personal jurisdiction is proper as to Gable and Bruce.
Appellees have argued extensively that the “fiduciary shield” doctrine precludes the exercise of personal jurisdiction over them. This doctrine protects nonresident corporate officers or directors acting in their official capacity from the exercise of jurisdiction over them simply because the forum has jurisdiction over their corporation. Escoto v. U.S. Lending Corp., 95-2692 (La.App. 4th Cir.5/22/96), 675 So.2d 741. They argue that their | affidavits and other papers show that they were at all times acting in their official capacity as directors, and therefore they are not subject to personal jurisdiction in Louisiana. We disagree with this assertion.
As shown above, the due process clause of the U.S. Constitution is not offended by a forum asserting personal jurisdiction based on a person being a director of a foreign corporation with its principal place of business in the forum, even where that person has only acted in his official capacity. Accepting such a corporate position is deemed to constitute a manifest decision to avail oneself of the protection of the laws of the forum, and therefore it is not unreasonable to subject such directors to personal jurisdiction in the forum notwithstanding that their actions may have been only in their official capacity. See Simmons v. Templeton, supra.
*132 For the foregoing reasons the judgment of the district court sustaining the exceptions of lack of personal jurisdiction over the defendants James Gable and Charles Bruce is hereby reversed, and the matter is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.