McDonald, j.
| üPlaintiff-Appellant Ronald F. Brous-sard, Jr. (Broussard) appeals the trial court’s judgment rendered in favor of Defendant-Appellee Diamond Aircraft Industries, Inc. (Diamond) sustaining Diamond’s declinatory exception for lack of personal jurisdiction. The sole issue before this court is whether the assertion of personal jurisdiction by Louisiana over Diamond meets the requirements of due process. Finding that these requirements are not met, we affirm.
FACTS AND PROCEDURAL HISTORY
Defendant-Appellee Diamond, a Canadian corporation with its principal place of business in London, Ontario, Canada, manufactures aircrafts and sells these planes strictly to brokers such as Premier Aircraft Sales, Inc., a Florida corporation. On or about November 13, 2007, Premier purchased a Diamond DA-40 aircraft from Diamond. The sale took place in London, Ontario, Canada, the funds for the sale were sent by wire transfer to Diamond’s bank in Ontario, and the aircraft was delivered to Premier in Ontario.
Plaintiff-Appellant Ronald F. Broussard purchased said aircraft from Premier on June 2, 2008, for the price of $337,500.00. This sale took place in Florida although the plane was stored in Alabama. On the date of delivery, Premier flew the plane from Alabama to Louisiana, where it picked up Broussard and flew him to Tex *189 as for training on the aircraft. Broussard alleges that within months of purchasing the aircraft, the aft passenger door on the port side began to develop cracks caused by a defect. Plaintiff-Appellant claims that, because of this aircraft’s configuration, the absence of a fully functional aft passenger door renders the aircraft a two-seater rather than a four-seater.
As a result, this suit was instituted by Broussard against Diamond Aircraft Industries, Inc. and Premier Aircraft Sales, Inc. In his original brief, Plaintiff-Appellant alleges that the cracks which developed in the aft door of the Diamond |SDA-40 aircraft caused the plane to depreciate in value, forced it to suffer substantial downtime, and rendered it incapable of being used as its intended purpose as a four-seater aircraft for business purposes.
Both Diamond and Premier made special appearances contesting lack of personal jurisdiction. On November 2, 2009, Broussard filed a motion to voluntarily dismiss Premier without prejudice. This motion was granted on November 4, 2009, and defendant Premier was dismissed from the present litigation. Diamond filed its declinatory exception for lack of personal jurisdiction on January 25, 2010. In support of its motion, Diamond submitted an affidavit by the president of Diamond Aircraft, Peter Maurer, who attested that Diamond is a Canadian corporation with its principal place of business in London, Ontario, Canada. Diamond is not currently, nor has it ever been registered to do business in Louisiana. Diamond does not now, nor did defendant at any pertinent time, own, rent, or lease any property in Louisiana, have employees in Louisiana, pay taxes in Louisiana, direct marketing activities in or to Louisiana, or make any significant business purchases or apply for loans in Louisiana. After considering the memoranda filed, evidence, and oral arguments of counsel, the Twenty-Second Judicial District Court sustained the exception for lack of personal jurisdiction over Diamond, dismissing Broussard’s claims. This appeal by Broussard followed.
LAW
An appellate court uses a de novo standard of review in determining the legal issue of personal jurisdiction over a non-resident by a Louisiana court. Babcock & Wilcox Company v. Babcock Mexico, 597 So.2d 110, 112 (La.App. 4th Cir.), writ denied, 600 So.2d 679 (La.1992). The Louisiana laws regarding personal jurisdiction have been amended and changed through the years as a result of court decisions and legislation. See e.g. Ruckstuhl v. Owens Corning Fiberglas Corp., 98-1126 (La.4/13/99), 731 So.2d 881, cert. denied, 528 U.S. 1019, 120 S.Ct.4 526, 145 L.Ed.2d 407 (U.S.1999); La. R.S. 13:3201. The Louisiana Supreme Court in Petroleum Helicopters, Inc. v. Avco Corporation, 513 So.2d 1188 (La.1987), referencing the more traditional view of personal jurisdiction, stated:
The determination of the validity of a state court’s assertion of personal jurisdiction over a nonresident under a long-arm statute generally involves a two-step analysis. The state statute must provide authority for the court to exercise personal jurisdiction over the nonresident in the particular litigation, and there must be sufficient contacts between the defendant, the litigation and the forum state so as not to offend traditional notions of due process.
Petroleum Helicopters, Inc., 513 So.2d at 1189 (footnote omitted).
The Louisiana long-arm statute, La. R.S. 13:3201, was amended in 1987 to include subsection B, which mandates that in addition to the provisions of subsection A, “a court of this state may exercise person *190 al jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.” La. R.S. 13:3201 B. The Louisiana Supreme Court, citing the official comments to the act, stated that Section B was added in 1987 “to ensure that jurisdiction under the long-arm statute extended to the limits allowed by due process.” Southeast Wireless Network, Inc. v. U.S. Telemetry Corp., 06-1736, p. 4 (La.4/11/07) 954 So.2d 120, 124. In Fox v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, 576 So.2d 978 (La.1991), the Supreme Court stated that “[sjince the 1987 amendment to LSA-R.S. 13:3201, the sole inquiry in Louisiana into jurisdiction over a nonresident is whether the assertion of jurisdiction complies with constitutional due process, (citation omitted). The limits of the Louisiana long arm statute and the limits of constitutional due process are coextensive and therefore, if the assertion of jurisdiction meets the constitutional requirements of due process, the assertion of jurisdiction is authorized under the long arm statute.” Fox, 576 So.2d at 983.
|sThis due process requirement has evolved into a two-part test by which: 1) “the defendant must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice;” and 2) “[o]nce minimum contacts are established, these contacts may be considered in light of other [fairness] factors to determine whether the assertion of personal jurisdiction would comport with ‘fair play and substantial justice.’ ” Southeast Wireless Network, 954 So.2d at 124-125 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985)). Thus, after the plaintiff meets his burden of proving that such minimum contacts exist, the burden then shifts to the defendant to prove that the “assertion of jurisdiction would be so unreasonable in light of traditional notions of fair play and substantial justice as to overcome the presumption of reasonableness created by the defendant’s minimum contacts.” de Reyes v. Marine Mgt. and Consulting, Ltd., 586 So.2d 103, 107 (La.1991).
The minimum contacts prong of the two-part due process test is satisfied by a single act or actions by which the defendant “purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.” A & L Energy, Inc. v. Pegasus Group, 00-3255, p. 5 (La.6/29/01), 791 So.2d 1266, 1271, cert. denied, 534 U.S. 1022, 122 S.Ct. 550, 151 L.Ed.2d 426 (2001) (citations omitted). However, this purposeful availment must be such that the defendant “should reasonably anticipate being haled into court in the forum state.” Id. The rationale behind the “purposeful availment” requirement is to ensure that the nonresident defendant will not be haled into a jurisdiction solely as a result of a random, fortuitous, or attenuated contact, or by the unilateral activity of another party or a third person. Id. Put another way, the requirement of minimum contacts can be seen to perform two related, but distinguishable, functions: “[it] protects the defendant against the burdens of | ^litigating in a distant or inconvenient forum. And it acts to ensure that the States, through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system.” World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (U.S.1980).

*191
Specific and General Jurisdiction

In interpreting the due process clause, the United States Supreme Court has recognized a distinction between two types of personal jurisdiction — “general” and “specific” jurisdiction. See Burger King Corp., 471 U.S. at 473, n. 15, 105 S.Ct. at 2182, n. 15; see also Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (U.S.1984). “It has been said that when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant’s contacts with the forum, the State is exercising ‘specific jurisdiction’ over the defendant.” Id. at n. 8. But when a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant’s contacts with the forum, the State has been said to be exercising “general jurisdiction” over the defendant. Id. at n.9.
DIAMOND’S CONTACTS
The evidence presented in the record reveals that Diamond does not have sufficient minimum contacts to satisfy the requirements for specific jurisdiction, and even less so for general jurisdiction. In fact, the record suggests that Diamond does not have any contacts with the forum aside from a minimum number of its manufactured planes ending up in the state. To reiterate, Diamond is a Canadian Corporation with a principal place of business in London, Ontario, Canada. Diamond is not currently, nor has it ever been registered to do business in Louisiana. Diamond does not now, nor did Diamond at any pertinent time, own, rent, or lease any property in Louisiana, have employees in Louisiana, pay taxes in Louisiana, direct marketing activities in or to Louisiana, or make any significant |7business purchases or loans in Louisiana. Diamond sold the plane in Ontario, Canada to Premier, a Florida corporation. The plane was delivered to Premier in Canada. Broussard purchased the plane from Premier in Florida. Therefore, nothing in the record suggests that Diamond had substantial minimum contacts with Louisiana such that it “purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.” A & L Energy, Inc., 791 So.2d at 1271.
If the plaintiff had established minimum contacts, the burden would switch to the defendant to show that the assertion of jurisdiction would be so unreasonable in light of traditional notions of fair play and substantial justice as to overcome the presumption of reasonableness created by the defendant’s minimum contacts. See A & L Energy, Inc., 791 So.2d at 1270-1271. However, based on the evidence in the record, Broussard failed to carry his burden of proof. Because no such substantial minimum contacts have been established to satisfy the due process requirements for asserting personal jurisdiction over Diamond, an analysis of the fairness factors would be moot.
For the foregoing reasons, the March 24, 2010, judgment of the trial court sustaining Diamond’s declinatory exception for lack of personal jurisdiction is affirmed. The motion to remand and motion for new trial is denied. Costs of this appeal are assessed against the Plaintiff-Appellant, Ronald F. Broussard, Jr.
AFFIRMED.