STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2025 CA 0022 and
2025 CW 0085

MICHAEL MUNSON, INDIVIDUALLY AND ON BEHALF OF HIS MINOR
CHILD, ETHAN MUNSON, AND KELLY MUNSON

VERSUS

HENIFF TRANSPORTATION SYSTEMS, LLC, MILLER TRANSPORTERS,
INC., ZSCHIMMER & SCHWARTZ, INC., AND EXPRESS CONTAINER
SERVICES OF ATLANTA, LLC

Judgment Rendered: ___JUN 0 3 2025___

* * * * *

ON APPEAL FROM THE
EIGHTEENTH JUDICIAL DISTRICT COURT, DIVISION C
IN AND FOR THE PARISH OF IBERVILLE
STATE OF LOUISIANA
DOCKET NUMBER 81558

HONORABLE ALVIN BATISTE, JR., JUDGE PRESIDING

* * * * *

Roy H. Maughan, Jr.
Namisha D. Patel
Joshua D. Roy
Connor S. Thomas
Baton Rouge, Louisiana

Attorneys for Plaintiffs-Appellants
Michael Munson, Individually and on
Behalf of his Minor Child, Ethan
Munson, and Kelly Munson


Sidney W. Degan, III
New Orleans, Louisiana

And

Mandy A. Simon
Lafayette, Louisiana

Attorneys for Defendants-Appellees
Express Container Services of
Atlanta, LLC and Nautilus Insurance
Company

**BEFORE: PENZATO, STROMBERG, AND FIELDS, JJ.**

**FIELDS, J.**

Plaintiffs, Michael Munson, individually and on behalf of his minor child, Ethan Munson, and Kelly Munson, appeal the June 20, 2024 judgment of the trial court sustaining the declinatory exception raising the objection of lack of personal jurisdiction in favor of Express Container Services of Atlanta, LLC (Express-Atlanta) and dismissing Express-Atlanta from this suit with prejudice. In a related request for supervisory review, Nautilus Insurance Company (Nautilus) challenges the trial court's December 20, 2024 ruling denying its peremptory exception raising the objection of no right of action.[1] For the following reasons, we reverse the trial court's June 20, 2024 judgment sustaining the declinatory exception raising the objection of lack of personal jurisdiction and dismissing Express-Atlanta from this suit with prejudice. We further deny Nautilus' application for supervisory writs seeking review and reversal of the December 20, 2024 ruling denying Nautilus' peremptory exception raising the objection of no right of action.

## FACTS AND PROCEDURAL HISTORY

On March 16, 2022, plaintiff, Michael Munson, was preparing to offload the contents of a pressurized tanker trailer when he discovered air was leaking from the metal cap of a clean-out pipe on top of the tanker. Upon investigating the leak, the metal cap allegedly blew off and struck Mr. Munson in the face, causing injuries. Thereafter, plaintiffs filed a petition for damages naming Express-Atlanta, the party which negligently cleaned and inspected the tanker for transport, as one of several defendants.

Following service on Express-Atlanta in Georgia pursuant to the Louisiana long-arm statute, Express-Atlanta filed a declinatory exception raising the objection

---

[1] Nautilus filed a writ application, docket number 2025 CW 0085, seeking review of the denial of its peremptory exception raising the objection of no right of action, which was referred to this panel for review in conjunction with the appeal of the June 20, 2024 judgment. See order dated March 20, 2025.

of lack of personal jurisdiction. In support of its exception, Express-Atlanta asserted it was a Georgia corporation which neither does business nor is authorized to do business in Louisiana. Express-Atlanta further averred that plaintiffs were unable to identify the requisite connections between Express-Atlanta and Louisiana in order to support a finding of personal jurisdiction. The hearing on this exception was scheduled for April 27, 2023, but was continued to allow an opportunity for jurisdictional discovery.

On August 21, 2023, plaintiffs filed their first supplemental and amending petition, again naming Express-Atlanta as a defendant, and adding as defendant Express-Atlanta's insurer, Nautilus. In the supplemental and amending petition, plaintiffs averred that the tanker trailer at issue was cleaned and inspected by an employee of Express-Atlanta in March of 2022, prior to the tanker trailer being loaded and shipped to Louisiana. Plaintiffs alleged that Express-Atlanta failed to properly inspect the tanker trailer and failed to alert the affected parties of any defects in the tanker trailer, and therefore Express-Atlanta was liable to plaintiffs for its negligence. Plaintiffs then asserted that at the time of the incident, Express-Atlanta was doing business in Louisiana and acting as an alter ego of Express Container Services of Iberville, LLC, Express Container Services of Louisiana, LLC, Express Container Services of Reserve, LA, LLC and/or Express Container Services of St. Gabriel, LLC (collectively, the Louisiana Entities), each of which are Louisiana limited liability companies. Plaintiffs further averred that Express-Atlanta engages in the same business activities and utilizes the same trade name as the Louisiana Entities, uses the same logo and marketing materials, and shares the same marketing department, accounting services, and insurance policy provided by Nautilus. With regard to Nautilus, plaintiffs alleged that it was Express-Atlanta's insurer at the time of the incident, and was therefore liable *in solido* with Express-Atlanta for all damages.

In response to plaintiffs' first supplemental and amending petition, Express-Atlanta and Nautilus filed a declinatory exception raising the objection of lack of personal jurisdiction or, alternatively, the peremptory exception raising the objection of no cause of action. Express-Atlanta once again argued that it did not possess the requisite minimum contacts with Louisiana for a Louisiana court to exercise personal jurisdiction over it and not offend traditional notions of fair play and substantial justice. With respect to Nautilus, it asserted that if plaintiffs were unable to demonstrate that the court had jurisdiction over Express-Atlanta, then a suit against it and Express-Atlanta, *in solido*, was impossible. Nautilus further contended that the plaintiffs did not assert facts to demonstrate that an action against just Nautilus could be maintained under the direct action statute. Therefore, Express-Atlanta and Nautilus prayed that the court sustain their exceptions and dismiss them from this suit.

In support of their exceptions, Express-Atlanta and Nautilus attached to their memorandum, plaintiffs' original as well as supplemental and amending petitions. Also attached was the affidavit of Shane Soldinger, a regional manager of Express Container Services, which provided in pertinent part, that Express-Atlanta is a limited liability company authorized to do and doing business in Georgia, and domiciled in Georgia, and that is has never been authorized to do nor has it actually done business in Louisiana. The affidavit further provided that any business that Express-Atlanta may conduct occurs outside of Louisiana, that it does not contract to supply services or things in Louisiana, does not own immovable property in Louisiana, does not manufacture any products or component parts in Louisiana, and does not market its services to Louisiana residents or companies.

Plaintiffs opposed these exceptions asserting that Louisiana had jurisdiction over Express-Atlanta under the Louisiana long-arm statute, La. R.S. 13:3201(A)(4). Specifically, plaintiffs argued that Express-Atlanta had caused injury in this state by

an offense or quasi offense committed through an act or omission outside of this state, and that Express Container Services regularly does or solicits business in this state. Plaintiffs explained that Express-Atlanta is one of a number of interrelated entities, including the Louisiana Entities, operating under the name "Express Container Services," and that these entities made up a single business enterprise. Thus, personal jurisdiction over the Louisiana Entities should be imputed to Express-Atlanta in this matter. As for Nautilus, plaintiffs argued that even if Express-Atlanta were to be dismissed for want of personal jurisdiction, Nautilus could still be liable under the direct action statute, La. R.S. 22:1269.

Plaintiffs attached several exhibits to their memorandum in opposition to Express-Atlanta and Nautilus' exceptions, including Express-Atlanta's responses to discovery, which provided that Express-Atlanta and the Louisiana Entities offer some of the same services or engage in similar business activities, use the same logo, flyers, and marketing department located in Ohio, as well as the same accounting services. Plaintiffs also included a printout of "Express Container Service" locations, which listed both Express-Atlanta and the Louisiana Entities. The corporate filings of Express-Atlanta and the Louisiana Entities were also attached and demonstrated the close proximity of the business locations as Express-Atlanta's principal office is located at 200 Essex Ave. East, Avenel, New Jersey, while the mailing address for Express Container Services of Iberville is 210 Essex Ave. East, Avenel, New Jersey. Plaintiffs also attached the deposition of Mr. Soldinger who provided testimony as the corporate representative of Express-Atlanta. With regards to corporate structure, Mr. Soldinger testified that Ronald Dana is the sole owner of all of the individual Express Container LLCs nationwide, and there is one general manager, Matt Moser, over all the locations. There are two regional managers, Mr. Soldinger, who oversees locations in the East, and Ronald Parrott, who oversees the locations in the Gulf, which includes the Louisiana Entities. There is one common

5

human resources director utilized by all of the Express Container Services locations, who also provides all of the marketing materials that are used for all of the Express Container Services locations. Mr. Soldinger also testified that he is the sole safety coordinator for all of the companies, and that recently one national salesman had been hired to promote the services of all of the LLCs. Mr. Soldinger described Express Container Services as having a hybrid accounting system with bills generated by each individual location and sent to customers who in turn remit payments to the Avenel, New Jersey office for disbursement into the corresponding LLC's accounts. Mr. Soldinger further testified that each individual LLC had its own administrative office and employees who worked at a particular location, and emphasized that despite any common accounting office, each business had its own separate bank accounts, operated at a profit, and did not fund any of the other or new locations. However, he was unaware of how new LLCs were formed and capitalized.

The hearing on these exceptions took place on May 30, 2024. The trial court admitted both parties' memoranda and attached exhibits into evidence. Following party arguments, the trial court sustained Express-Atlanta's exception raising the objection of lack of personal jurisdiction finding that Express-Atlanta was a Georgia corporation that had abided by proper corporate formalities and had not engaged with Louisiana in such a way as to confer personal jurisdiction over itself to Louisiana courts. The trial court further denied plaintiffs leave to amend because plaintiffs had already amended their petition once following jurisdictional discovery in order to assert allegations demonstrating personal jurisdiction. The trial court also sustained the peremptory exception raising the objection of no cause of action on behalf of Nautilus, but allowed plaintiffs leave to amend their petition in order to state a cause of action against Nautilus.

6

On June 20, 2024, the trial court executed a judgment reflecting its ruling, sustaining Express-Atlanta's declinatory exception raising the objection of lack of personal jurisdiction and dismissing it from this case; the judgment further sustained Nautilus' peremptory exception raising the objection of no cause of action, but allowed plaintiffs thirty days to amend.[2]

Plaintiffs filed the instant appeal arguing that the trial court erred in finding that the court did not have personal jurisdiction over Express-Atlanta, thereby sustaining Express-Atlanta's exception and dismissing Express-Atlanta with prejudice from this suit.

## ANALYSIS

In Louisiana, an objection to a court's lack of jurisdiction over the person is raised through a declinatory exception. La. Code Civ. P. art. 925(A)(5). Louisiana Code of Civil Procedure article 930 provides that at a trial on a declinatory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition, citation, or return thereon. When a contradictory evidentiary hearing is held on the objection of personal jurisdiction, the plaintiff must prove facts showing that the assertion of jurisdiction over the defendant is proper by a preponderance of the evidence. **de Reyes v. Marine Management and Consulting, Ltd.**, 586 So.2d 103, 109 (La. 1991). Appellate courts use the *de novo* standard in determining the legal issue of whether a Louisiana court may assert personal jurisdiction over a nonresident. **Northshore Regional Medical Center, L.L.C. v. Dill**, 2011-2271 (La. App. 1st Cir. 6/8/12), 94

---

[2] Plaintiffs amended their petition to restate their allegations against Nautilus. Nautilus, in turn, filed a peremptory exception raising the objection of no right of action asserting that because plaintiffs' action against Nautilus' insured had been dismissed after a finding of lack of personal jurisdiction, a standalone action could not be maintained against Nautilus, even under the direct action statute as none of the exceptions set forth in the statute were applicable. Therefore, Nautilus prayed that its exception be granted and that it be dismissed from the suit.

The hearing on Nautilus' exception was held on December 20, 2024. After hearing party arguments, the trial court denied Nautilus' exception. It is from this ruling that Nautilus sought this courts review and reversal by timely filing an application for supervisory review, docket number 2025 CW 0085.

7

So.3d 155, 161, <u>writ denied</u>, 2012-1494 (La. 10/8/12), 98 So.3d 862. In this case, a hearing on the declinatory exception was held, during which the parties' evidence was admitted.

Louisiana's law governing personal jurisdiction over nonresidents is found at La. R.S. 13:3201, which provides in pertinent part:

A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:

(1) Transacting any business in this state.

(2) Contracting to supply services or things in this state.

(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.

(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

(5) Having an interest in, using or possessing a real right on immovable property in this state.

\*\*\*

B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

Pursuant to La. R.S. 13:3201(B), Louisiana courts can exercise personal jurisdiction over nonresidents to the fullest extent allowed by the United States Constitution, regardless of whether the nonresident's conduct is specifically listed in the provisions of La. R.S. 13:3201(A). **Ruckstuhl v. Owens Corning Fiberglas Corporation**, 98-1126 (La. 4/13/99), 731 So.2d 881, 885, <u>cert. denied</u>, 528 U.S. 1019, 120 S.Ct. 526, 145 L.Ed.2d 407 (1999). Accordingly, the limits of the Louisiana long-arm statute and the limits of constitutional due process are

coextensive. **Id.**, citing **Petroleum Helicopters, Inc. v. Avco Corp.**, 513 So.2d 1188, 1192 (La. 1987).

In order to subject a nonresident defendant to personal jurisdiction, the defendant must have: 1) certain "minimum contacts" with the forum state such that 2) the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." **International Shoe Co. v. Washington**, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); **de Reyes**, 586 So.2d at 105. This fundamental constitutional due process test requires a court to evaluate the quality and nature of activities in the forum state and to determine whether such contacts justify the state's exercise of personal jurisdiction over the defendant. **Witter v. Sanibel Yacht & Slip, LLC**, 2019-1031 (La. App. 1st Cir. 6/24/20), 307 So.3d 1053, 1058.

The "minimum contacts" prong is satisfied by a single act or actions by which the defendant "purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws." **Burger King Corp. v. Rudzewicz**, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). "Purposeful availment" must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. **Ruckstuhl**, 731 So.2d at 885. Thus, where the defendant deliberately engaged in significant activities within a state, or has created continuing obligations between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by the benefits and protections of the forum's laws it is presumptively not unreasonable to require the defendant to submit to the burdens of litigation in that forum as well. **de Reyes**, 586 So.2d at 106.

The second prong of the due process test focuses on the fairness of asserting jurisdiction over a defendant. See, **de Reyes**, 586 So.2d at 107. Even when minimum contacts exist, the exercise of personal jurisdiction over a nonresident

defendant will fail to satisfy due process requirements if the assertion of jurisdiction offends "traditional notions of fair play and substantial justice." **Id.**

Importantly, the burden of proof shifts between the opposing parties during the due process analysis. The burden of showing minimum contacts lies with the party claiming jurisdiction to be proper. Once this burden is met, a presumption of reasonableness of jurisdiction arises. The burden then shifts to the opposing party to prove the assertion of jurisdiction would be unreasonable in light of traditional notions of fair play and substantial justice, thus overcoming the presumption of reasonableness created by the defendant's minimum contacts with the forum. **de Reyes,** 586 So.2d at 107[3]; citing, **Wright and Miller, Federal Practice and Procedure** § 1067, pp. 301-2.

In their appeal, as before the trial court, plaintiffs argue that because Express-Atlanta is in a single business enterprise with the Louisiana Entities, over which Louisiana courts have personal jurisdiction, that same jurisdiction may be imputed to Express-Atlanta without offending the notions of fair play or substantial justice.

Single Business Enterprise

Under the single business enterprise theory, the legal fiction of a distinct corporate entity is disregarded when a corporation is so organized and controlled as to make it merely an instrumentality or adjunct of another corporation. **Hill International, Inc. v. JTS Realty Corporation,** 2021-0157 (La. App. 1st Cir. 10/20/22), 370 So.3d 16, 30, citing **Green v. Champion Ins. Co.,** 577 So.2d 249,

_____

[3] Both the United States Supreme Court and the Louisiana Supreme Court have recognized two distinctive types of personal jurisdiction – "general" and "specific" jurisdiction. **de Reyes,** 586 So.2d at 105. A finding of "specific jurisdiction" is proper when the defendant has purposefully directed his activities at residents of the forum and the litigation results from the alleged injuries that arise out of or relate to those activities. **Id.** at 106. The court should determine whether through conduct within the forum state, the defendant has availed itself of the privileges of the forum state invoking the benefits and protections of the forum's laws. **Id.** In contrast, "general jurisdiction" attaches where the nonresident defendant's contacts with the forum state, are determined to be "continuous and systematic." **Id.** at 108. We find specific jurisdiction to be at issue in the present appeal.

10

257 (La. App. 1st Cir.), writ denied, 580 So.2d 668 (La. 1991). The single business enterprise doctrine permits multiple companies to be treated as a single entity—but still an entity separate from its human owners—as if all of the different companies within an affiliated group had been organized as just one, all-encompassing corporation or LLC. **Id.** citing Glenn G. Morris and Wendell H. Holmes, 8 LA. CIV. L. TREATISE, Business Organizations § 32:15 (2022). The single business enterprise doctrine may be used to establish personal jurisdiction over nonresident companies. See **In re Chinese-Manufactured Drywall Products Liability Litigation**, 09-03047, 2017 WL 1476595, at *37 (unpublished) (E.D. La. 4/21/17), affirmed, 811 F. App'x 910 (5th Cir. 2020); **US Fire Pump Co., LLC v. Alert Disaster Control (Middle E.) Ltd.**, 19-335, 2021 WL 296073, at *13 (unpublished) (M.D. La. 1/28/21). The following factors have been used to support an argument that a group of entities constitute a "single business enterprise."

> 1. Corporations with identity or substantial identity of ownership, *i.e.*, ownership of sufficient stock to give actual working control;
>
> 2. Common directors or officers;
>
> 3. Unified administrative control of corporations whose business functions are similar or supplementary;
>
> 4. Directors and officers of one corporation act independently in the interest of that corporation;
>
> 5. Corporation financing another corporation;
>
> 6. Inadequate capitalization;
>
> 7. Corporation causing the incorporation of another affiliated corporation;
>
> 8. Corporation paying the salaries and other expenses or losses of another corporation;
>
> 9. Receiving no business other than that given to it by its affiliated corporations;
>
> 10. Corporation using the property of another corporation as its own;
>
> 11. Noncompliance with corporate formalities;

12. Common employees;

13. Services rendered by the employees of one corporation on behalf of another corporation;

14. Common offices;

15. Centralized accounting;

16. Undocumented transfers of funds between corporations;

17. Unclear allocation of profits and losses between corporations; and

18. Excessive fragmentation of a single enterprise into separate corporations.

**Hill**, 370 So.3d at 31. This list is illustrative and is not intended as an exhaustive list of relevant factors. No one factor is dispositive of the issue of "single business enterprise." **Green**, 577 So.2d at 258. Rather, "the totality of the circumstances" should be considered in evaluating the existence of a single business enterprise. **Hill**, 370 So.3d at 32.

After comparing the evidence with the factors set out in **Green**, we conclude the record contains ample evidence to support a finding of personal jurisdiction over Express-Atlanta. Express-Atlanta and the Louisiana Entities clearly have identity of ownership as well as common officers, as the sole owner and only listed member/officer of the LLCs is Ronald Dana. Moreover, there is only one general manager, one human resources employee, one safety coordinator, and one national salesperson, which are shared by all of the companies. All of the entities are in the tanker-cleaning business, although the range of services may differ between individual sites. Furthermore, there is a centralized office for accounting purposes, which receives all the payments owed by customers to each facility, and which distributes payments to each facility in kind. This central accounting office also bills each facility its virile share for services provided, such as salary for one of the common employees, or insurance premiums for the common policy shared by all of the facilities. Moreover, the flyer provided demonstrates that Express Container

12

Services is advertised as one business with many convenient locations for customers, rather than individual entities unto themselves.

Despite each of the facilities maintaining separate bank accounts and employees working at each location, we find the totality of the circumstances weighs in favor of finding a single business enterprise. Thus, because Express Container Services has availed itself of the laws and protections of this State, by establishing the Louisiana Entities, which it runs as part of its tanker cleaning business, the courts of this State likewise have jurisdiction over all of Express Container Services, including Express-Atlanta.

## CONCLUSION

For the above and forgoing reasons, the June 20, 2024 judgment sustaining the declinatory exception raising the objection of lack of personal jurisdiction in favor of Express Container Services of Atlanta, LLC and dismissing it from this suit with prejudice is reversed. We further deny Nautilus Insurance Company's application for supervisory writs from the December 20, 2024 ruling denying Nautilus' peremptory exception raising the objection of no right of action. All costs of this appeal are assessed to defendant/appellee Express Container Services of Atlanta, LLC.

**REVERSED. WRIT APPLICATION DENIED.**